UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
LYLE STEELE, JR.,

                Plaintiff,

-against-

SOCIAL SECURITY ADMINISTRATION,

                Defendant.
----------------------------------------------------------- x

MEMORANDUM & ORDER

14-cv-7104 (ENV) (MDG)

VITALIANO, D.J.,

Plaintiff Lyle Steele, Jr., proceeding *pro se*, initiated this action against the Social Security Administration ("SSA"), claiming that SSA violated his constitutional and civil rights by barring him from physically entering SSA offices.[1] Compl. at 1-2, ECF Dkt. No. 1. Steele seeks injunctive relief lifting the ban, and monetary damages. SSA has moved to dismiss the complaint on 12(b)(1) and 12(b)(6) grounds. For the reasons that follow, SSA's motion is granted in its entirety.

## Background

On July 17, 2014, SSA issued an Alternative Service Letter notifying Steele that he could not appear in person at its offices.[2] Compl. at 4. The letter described a "continued pattern of aggressive and hostile behavior" culminating in an angry telephone call Steele made to the SSA

---

[1] Steele's mother, Guillermina Richards, filed a similar suit in this court contesting an "informal ban" preventing her from visiting SSA offices. *See Guillermina Richards v. Soc. Sec. Admin*, 15-cv-1528 (filed Mar. 19, 2015). That action was, on this date, also dismissed for failure to state a claim.

[2] The letter is dated July 14, 2014, but the incident described in it took place on July 15, 2014. The letter is postmarked July 17, 2014. Compl. at 17. The date on the letter appears to be an error, which is not material to this decision.

1

office. *Id.* It described how Steele, with his mother, Guillermina Richards, also on the line, yelled profanities at SSA personnel, accusing them of "playing stupid games," and how he was otherwise hostile, loud, and threatening. *Id.* The letter informed Steele that he could still contact SSA by mail, phone, or the internet, and that he could designate another person to visit the office on his behalf. *Id.* at 5. It also outlined appeal procedures should he wish to contest his ban. *Id.*

Steele did not appeal the adverse determination. He has appended to his complaint a series of letters to various SSA employees and local elected officials, listing many grievances with SSA, including the ban. Compl. at 12-25.

## Standard of Review

The Court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Even a *pro se* plaintiff, however, must comply with substantive and procedural law. *Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 541 (E.D.N.Y. 1999) (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Those laws, among other things, provide that the subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available, generally, only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Jurisdiction cannot be forfeited or waived. More relevant here, where jurisdiction is lacking, "dismissal is mandatory." *Manway Constr. Co. Inc. v. Housing Auth. of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3).

Even where jurisdiction exists, a complaint must still plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Particularly where the plaintiff seeks *in forma pauperis* status, a district court may dismiss a case on its own motion if it determines that the action is frivolous. 28 U.S.C. § 1915(e)(2). *See also Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (applying even where a filing fee has been paid). An action is frivolous as a matter of law, moreover, when, *inter alia*, it is "based on an indisputably meritless legal theory" — that is, when the claim "lacks an arguable basis in law . . . , or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted).

## Discussion

SSA argues that the complaint must be dismissed for lack of subject matter jurisdiction because SSA, like all federal agencies, enjoys sovereign immunity. *See Franchise Tax Board v. United States Postal Service*, 467 U.S. 512, 517-18, 104 S. Ct. 2549, 2552-53, 81 L. Ed. 2d 446 (1984); *Hines v. Irvington Counseling Ctr.*, 933 F. Supp. 382, 388 (D.N.J. 1996) ("[B]ecause the plaintiff here has sued the SSA, a Federal agency and the SSA employees in their official capacities . . . this case must actually be considered a suit against the United States and sovereign immunity applies.").

Dispositively, Steele did not appeal his Alternative Service Letter, and, thus, has failed to administratively exhaust his claims. In such instance, the government has not consented to suit. *See* 42 U.S.C. § 405(g) (requiring that all individuals obtain a final agency decision *before* commencing suit). The letter Steele received plainly informed him that the agency's decision could be appealed by writing to the address identified in the notice, within 60 days of the date of the notice. *See* Compl. at 5; 20 C.F.R. § 422.905. There is no dispute that plaintiff did not

3

appeal the decision by following those procedures.[3]

In any case, even if Steele had administratively exhausted his grievance, he cannot state a cognizable claim. The Social Security Act precludes actions against the Commissioner on any legal theory outside of appealing Title II or Title XVI social security benefits determinations, including constitutional claims. See 42 U.S.C. § 405(h) (stating that federal question jurisdiction, diversity jurisdiction, or that the United States is a defendant, do not provide subject matter jurisdiction to a reviewing court for other types of claims). Further, the ability to enter a federal building is not, in itself, a cognizable liberty or property interest. See *Williams v. Town of Greenburgh*, 535 F.3d 71, 74-76 (2d Cir. 2008) (finding that access to a public facility is not a cognizable liberty interest protected by the Due Process Clause). Nor has Steele suffered any harm. The ban on his ability to enter SSA's offices did not and does not prevent him from conducting business with the office, nor did it disrupt the provision of benefits that he was already receiving.[4]

---

[3] Among the many letters attached to the complaint is a letter from Steel to the director of the Office of Disability Adjudication and Review ("ODAR") Brooklyn hearing office, dated July 27, 2014, in which, among other issues, Steele mentions the ban. Compl. at 17-19. Even if ODAR had received that letter, it would not be properly considered an appeal because it did not follow the procedures required by statute. Additionally, Congresswoman Yvette Clarke, who spoke to plaintiff, indicated by letter that he had "expressed some ambivalence and reservation about the appeals process," implying that Steele himself did not consider his July 2014 letter to be an appeal.

[4] To the extent Steele asserts constitutional claims against SSA regarding the administration of his benefits, including errors in properly classifying certain income he received, these claims, too, are not cognizable. Furthermore, injunctive relief is unavailable both because Steele did not exhaust his administrative remedies, and because SSA appears to have corrected any errors and waived any overpayment, mooting the claim. See *Irish Lesbian and Gay Org. v. Giuliani*, 143 F.3d 638, 647 (2d Cir. 1998) ("A case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur."). Finally, monetary damages are plainly unavailable as the Social Security Act makes no provision for such a remedy. *Schweiker v. Chilicky*, 487 U.S. 412, 424, 108 S. Ct. 2460, 2468, 101 L. Ed. 2d 370 (1988).

Normally, it is true, a *pro se* plaintiff should be given the opportunity to amend his pleadings at least once. *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999). The Court, however, need not afford that opportunity here where it is clear from the face of the complaint that the Court lacks subject matter jurisdiction or that a claim cannot be stated as a matter of law.

## Conclusion

For the foregoing reasons, SSA's motion to dismiss is granted. The case is dismissed, for lack of subject matter jurisdiction and for failing to state a claim on which relief can be granted. The dismissal is with prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to enter judgment accordingly and to close this case.

So Ordered.

Dated: Brooklyn, New York
August 31, 2016

/s/ USDJ ERIC N. VITALIANO
_____
ERIC N. VITALIANO
United States District Judge